Jeffrey S. VAUGHN, individually and on behalf of those class members similarly situated, Plaintiff–Appellant,

v.

LEEDS, MORELLI & BROWN, P.C., Leeds, Morelli & Brown, LLP, Leeds & Morelli, Leeds Morelli & Brown, Prudential Securities, Inc., successor Prudential Financial, Inc.*, Jeffrey K. Brown and Prudential Financial, Inc., Defendants–Appellees.

Wachovia Corporation, Wachovia Securities, LLC, Lenard Leeds, Steven A. Morelli, John Does, James Vagnini, Frederic David Ostrove, Robert John Valli, Jr., Discrimination On Wall Street, Inc., Discrimination On Wall Street, Manhattan, Inc. and Jane Does 1–10, Defendants.

No. 07–5637–cv.

United States Court of Appeals, Second Circuit.

March 16, 2009.

the spelling of Prudential Financial, Inc.

Ken Thyne (Jeffrey Lew Liddle, Blaine Howell Bortnick, and Rebecca A. Saenger, on the brief), Liddle & Robinson, L.L.P., New York, NY, for Appellant.

Gerard E. Harper, Paul, Weiss, Rifkind, Wharton & Garrison LLP, for Prudential Securities, Inc. and Prudential Financial, Inc., New York, NY, Evan Krinick (Shari

Claire Lewis and Merril S. Biscone, on the brief), Rivkin Radler LLP, for Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds & Morelli, and Leeds Morelli & Brown, Uniondale, NY, for Appellees.

PRESENT: Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges, Hon. GERARD E. LYNCH, District Judge.**

## SUMMARY ORDER

Plaintiff-appellant Jeffrey S. Vaughn appeals an order compelling arbitration and a judgment confirming the final arbitration award. We review *de novo* a district court's decision to compel arbitration. *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 364 (2d Cir.2003). When a district court then confirms an arbitral award, we review any legal challenges *de novo* and any factual challenges for clear error. *See 187 Concourse Assoc. v. Fishman,* 399 F.3d 524, 526 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Compelling Arbitration*

■ Vaughn argues that the district court erred in compelling arbitration of his class action claims because the arbitration agreement, properly interpreted, requires arbitration only of his "individual claim," but permits his "class claim" to be heard in federal court. He contends that because claims may not be arbitrated as class actions under the rules of the New York Stock Exchange and the National Associa-

tion of Securities Dealers, which are incorporated by reference in the Settlement Agreement, the parties must have intended any claims brought on behalf of a class to be litigated in the courts. We are not persuaded.

In *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003), the Supreme Court ruled that the question whether an arbitration contract forbids class arbitration concerns "contract interpretation and arbitration procedures," which fall under the domain of arbitrators who "are well situated to answer" questions relating to those issues.[1] *Id.* at 453, 123 S.Ct. 2402; *see also Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83–85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (distinguishing questions of substantive arbitrability to be decided by court from questions of procedural arbitrability to be decided by arbitrator). The district court thus properly compelled arbitration on the question of the arbitrability of class claims under the Settlement Agreement.

### 2. *Confirming the Arbitration Award*

Vaughn argues that the arbitration decision, which concluded that the Settlement Agreement "precludes [Vaughn] from bringing a Class Action in court" and dismissed all of his claims, should not have been confirmed because the arbitrators (1) acted with "a lack of fundamental rationality," and (2) exceeded the scope of their authority. Appellant Br. at 16. Both arguments lack merit.

■ The Federal Arbitration Act provides four statutory grounds for vacatur of

** The Honorable Gerard E. Lynch, of the United States District Court for Southern District of New York, sitting by designation.

1. To the extent *Coheleach v. Bear, Stearns & Co., Inc.,* 440 F.Supp.2d 338 (S.D.N.Y.2006), relied on by Vaughn, concludes otherwise, we note that it failed to discuss *Howsam v. Dean Witter Reynolds, Inc.* and *Green Tree Financial Corp. v. Bazzle,* which control our review.

an arbitration award: (1) the award was procured by corruption, fraud, or undue means, (2) the arbitrators were partial or corrupt, (3) the rights of a party were prejudiced by the misconduct of the arbitrators, and (4) the arbitrators exceeded or misused their powers. 9 U.S.C. § 10(a). In addition, the Second Circuit recognizes one non-statutory ground: a court may review an arbitral decision for "manifest disregard of the law," which we explained, in light of the Supreme Court's recent decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, —— U.S. ——, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), is "severely limited, highly deferential, and confined to those exceedingly rare instances of egregious impropriety." *Stolt–Nielsen SA v. AnimalFeeds Intern. Corp.*, 548 F.3d 85, 91, 95 (2d Cir.2008) (internal quotation marks omitted). We have not recognized any other non-statutory bases for vacatur, and we have specifically rejected a challenge to the rationality of an award. *See Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir.2007). Accordingly, Vaughn's argument that the arbitration panel's judgment was irrational is not a valid ground for vacating that decision. *Id.*

 While Vaughn's argument that the panel exceeded its scope of authority is a permissible ground for vacatur under § 10(a)(4), this Court has "consistently accorded the narrowest of readings" to this statutory ground, *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d

Cir.2002) (internal quotation marks omitted), focusing on "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir.1997). For reasons already discussed in rejecting Vaughn's challenge to the order compelling arbitration, we conclude that it fell to the arbitrators to decide whether the Settlement Agreement in this case permits the arbitration of class claims. Because the arbitrators confined their review to this issue as Vaughn himself submitted it for arbitration, namely, whether he may pursue his class action claims against defendants in court, we conclude that the district court properly confirmed the arbitrators' negative decision.[2]

The order compelling arbitration and the judgment confirming the arbitration award are hereby AFFIRMED.

---

**2.** This Court's recent decision in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir.2009), does not compel a contrary result. In that case, plaintiffs argued that an arbitration clause containing an unambiguous waiver of class action remedies was unenforceable. *Id.* at 302. In contrast, here, appellant argues that the parties to the Settlement Agreement did not intend to waive a class action, which is a different issue altogether from enforceability. This argument raises a question not of the validity of the arbitration, but of "contract interpretation and arbitration procedures," which is for the arbitrator to decide. *Green Tree*, 539 U.S. at 453, 123 S.Ct. 2402. Indeed, *In re American Express Merchants' Litigation* distinguished *Green Tree* precisely upon this ground. *See* 554 F.3d at 311 n. 10.